958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Elgin CAMPBELL, Plaintiff-Appellant,
v.
Michael P. LANE, Howard Peters, Dr. Howard Mueller, Dr.
Johnson, Defendants-Appellees.
 No. 90-3617.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 10, 1992.*
Decided March 26, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Elgin Campbell filed a pro se complaint under 42 U.S.C. § 1983 against defendants alleging that they were deliberately indifferent to his medical needs in violation of the Eighth Amendment. The district court granted summary judgment in favor of the defendants and we affirm as to defendants Michael P. Lane, Howard Peters, and Dr. Howard Mueller. As to Dr. Johnson, because it appears that service of process was never effected, we remand with instructions to dismiss for lack of jurisdiction.
 
 BACKGROUND
 
 2
 Campbell's claim revolves around kidney problems which worsened during the course of his prison term. He entered Pontiac Correctional Center in December 1986 with only one functioning kidney, and was he suffering from diabetes and hypertension. These conditions were made known to the medical staff. By November 1988, Campbell had developed chronic renal failure, was transferred to Joliet Correctional Center and was placed on dialysis. He contends that defendants were deliberately indifferent to his serious medical needs during the time prior to his transfer.
 
 ANALYSIS
 
 3
 We review the district court's entry of summary judgment de novo, drawing all reasonable inferences in favor of the non-moving party. New Burnham Prairie Homes, Inc. v. Village of Burnham, 910 F.2d 1474, 1477 (7th Cir.1990). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 4
 As an initial matter, we hold that because Campbell seeks only money damages, his claims against Lane, Peters and Mueller in their official capacities are effectively against the State of Illinois and are therefore barred by the Eleventh Amendment as a matter of law. Santiago v. Lane, 894 F.2d 218, 220 n. 3 (7th Cir.1990).
 
 A. Lane and Peters
 
 5
 In order to state a claim against Lane and Peters in their individual capacities, he must allege personal involvement in the alleged constitutional deprivation. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir.1986). Campbell bases his allegations against Lane and Peters on their respective positions as director of the Illinois Department of Corrections and warden of Pontiac Correctional Center. He contends that by virtue of their positions, they had "constructive knowledge" of the alleged constitutional violations. However, supervisory officials cannot be held responsible under § 1983 under a respondeat superior theory of liability. Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir.1983).
 
 
 6
 Campbell's November 1988 letter to Lane, Peters and other officials requesting a transfer because of his medical problems does not change the result. The letter does not constitute notice of a constitutional violation. Moreover, Lane's office responded to the letter on September 12, 1989 and after apologizing for the delay, noted that in the interim Campbell had, in fact been treated for his symptoms, transferred to Joliet and placed on dialysis.
 
 
 7
 Because Campbell has failed to allege any personal involvement on the part of Lane or Peters his allegations do not state a claim under 28 U.S.C. § 1983.
 
 B. Dr. Mueller
 
 8
 Campbell claims that Dr. Mueller engaged in cruel and unusual punishment in violation of the Eighth Amendment in that Dr. Mueller 1) denied his request to see a kidney specialist; 2) delayed diagnosis of chronic renal failure which exacerbated his condition and delayed dialysis for six months and 3) prescribed medication which produced severe side-effects.
 
 
 9
 A court will find an Eighth Amendment violation where the actor either actually intended to punish the prisoner or engaged in conduct so closely approaching deliberateness that the actor can be said to have intended to punish. Wilson v. Seiter, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991). Denial of medical treatment may rise to the level of an Eighth Amendment violation if a prisoner establishes that the prison official acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).
 
 
 10
 Accepting Campbell's allegations as true, the record does not support his claims of deliberateness. Campbell was seen by Dr. Mueller and other staff physicians eleven times during his first year at Pontiac. Routine blood tests were performed that year and did not evidence abnormality in kidney function. Dr. Mueller denied Campbell's request to see a kidney specialist based on those tests. The same tests were performed in December 1987 and showed mild abnormalities. Dr. Mueller referred him to a urologist. In September 1988 he saw a kidney specialist, was diagnosed with a kidney infection and dialysis was recommended. In December 1988 he was taken to University of Illinois Hospital in Chicago where the examining physician recommended immediate dialysis. Campbell returned two days later and after surgery to place a vascular access, dialysis was started. During this period of time, Dr. Mueller and others prescribed medications for his condition which produced increasingly severe side-effects.
 
 
 11
 Dr. Mueller and his staff were clearly attentive to Campbell's medical needs. When Dr. Mueller initially denied Campbell's request to see a specialist, there was no objective medical evidence of kidney disease. Even if there had been, his refusal to grant a referral would constitute at most an error in medical judgment, given that there is no evidence of intent to harm. Estelle, 429 U.S. at 107.
 
 
 12
 Dr. Mueller's delay in diagnosis constitutes an Eighth Amendment violation only if he was deliberately trying to harm the petitioner by not accurately diagnosing his ailment. Hughes v. Joliet Correctional Center, 931 F.2d 425, 428 (7th Cir.1991). The record is void of any such deliberateness. On the contrary, there is evidence that Dr. Mueller and his staff performed tests to monitor Campbell's kidney function, prescribed medication and referred him to a specialist when the test results were abnormal. The fact that an unknown individual at the University of Illinois Chicago allegedly told Campbell that he should have started dialysis 6 months earlier is of no import. At most, it indicates a difference of opinion as to the appropriate treatment.
 
 
 13
 Likewise, Campbell's allegations concerning prescribed medications which caused side-effects do not state a claim. He does not allege that Dr. Mueller intentionally prescribed the incorrect medication or that he did so with the knowledge that it would harm Campbell. Benson v. Cady, 761 F.2d 335, 341 (7th.Cir.1985). He has alleged nothing from which deliberate indifference can be inferred.
 
 
 14
 At best, Campbell has stated a claim for negligence. However, negligence in treating a medical condition is not actionable under the Eighth Amendment. Estelle, 429 U.S. at 105.
 
 C. Dr. Johnson
 
 15
 On October 10, 1990, the district court issued a rule to show cause why Dr. Johnson should not be dismissed for failure to effect service of process, returnable October 26, 1990. Plaintiff never responded. Although on October 25, 1989, the district court granted summary judgment in favor of Dr. Johnson, it appears that Dr. Johnson was never served, and he has never filed an appearance. Therefore, as to Dr. Johnson, the district court's grant of summary judgment is remanded with instructions to dismiss for lack of jurisdiction.
 
 IV. Appointment of Counsel
 
 16
 Campbell contends that the district court abused its discretion in denying his motion for appointment of counsel, and in doing so, violated his Sixth Amendment right to counsel. Both of these claims are without merit.
 
 
 17
 In light of our decision today and Campbell's demonstrated ability to grasp the complexities of this matter, the district court did not abuse its discretion in refusing to appoint counsel. Mackin v. Freake, 650 F.2d 885 (7th Cir.1981). In addition, the Sixth Amendment right to counsel is inapplicable to civil cases.
 
 CONCLUSION
 
 18
 For the foregoing reasons, the decision of the district court granting summary judgment to defendants Lane, Peters and Mueller is AFFIRMED and the decision granting summary judgment to defendant Johnson is REMANDED with instructions to dismiss for lack of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs